```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
_____

ALL SECURE GUARD & PATROL           )
SERVICES, INC., and GUYLON          )
GREER, as an individual             )
principal shareholder,              )
                                    )
     Plaintiffs,                    )
                                    )
and                                 )
                                    )
NATIONAL BANKERS TRUST              )
CORPORATION,                        )
                                    )
     Plaintiff in                   )
     Intervention,                  )
                                    )   No. 14-cv-2575-STA-tmp
v.                                  )
                                    )
FEDERAL HOME LOAN MORTGAGE          )
CORPORATION and MAKOWSKY            )
RINGEL GREENBERG, LLC,              )
                                    )
     Defendants.                    )
                                    )
CONSOLIDATED WITH                   )
                                    )
NATIONAL BANKERS TRUST              )
CORPORATION,                        )
                                    )
     Plaintiff,                     )
                                    )
v.                                  )
                                    )
ALL SECURE GUARD & PATROL           )
SERVICE, INC.; GUYLON GREER;        )
and TARRIS GREER,                   )
                                    )
     Defendants.                    )
_____

                 REPORT AND RECOMMENDATION
_____
```

On November 21, 2014, defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Makowsky Ringel Greenberg, LLC ("MRG") filed a Motion for Order Compelling Plaintiffs All Secure Guard & Patrol Services, Inc., Guylon Greer, and Tarris Greer (Collectively "the All Secure Parties") to Make Initial Disclosures and for Sanctions. (ECF Nos. 15 & 16.) In their motion, Freddie Mac and MRG stated that all parties participated in a Rule 26(f) discovery planning meeting on October 2, 2014, and that at the meeting, counsel agreed that all parties would provide their initial disclosures by October 13, 2014. On October 20, 2014, the parties appeared for a Rule 16(b) scheduling conference before the District Judge. Counsel for all parties were present at the conference, including counsel for the All Secure Parties, Mr. Paul J. Springer, Sr. On that same date, the District Judge entered a scheduling order establishing the deadline for initial disclosures as October 13, 2014. On October 13, 2014, Freddie Mac, MRG, and National Bankers Trust Corporation made their initial disclosures. However, the All Secure Parties did not provide their initial disclosures as required. According to the Certificate of Consultation attached to the motion, on November 7 and 17, 2014, counsel for Freddie Mac and MRG sent emails to Mr. Springer about the need for the motion and requesting a conference to discuss the motion. On at least two occasions, including

November 17, counsel for Freddie Mac and MRG also left voicemail messages for Mr. Springer requesting a conference to discuss the motion. However, Mr. Springer never responded to the emails or voicemail messages, and he did not file a response to the motion to compel and for sanctions.

On December 8, 2014, the undersigned Magistrate Judge entered an order granting the motion to compel. The court found that the record demonstrated all of the parties agreed to provide initial disclosures by October 13, 2014, and that agreement was memorialized in the court's October 20 scheduling order. The court also found that the All Secure Parties failed to provide their initial disclosures as required by the scheduling order, and that despite defendants' counsel's numerous attempts to contact Mr. Springer in order to obtain the initial disclosures, Mr. Springer did not respond to these communications and failed to file a response to the motion. The court ordered the All Secure Parties to provide their Rule 26(a)(1) initial disclosures to Freddie Mac, MRG, and National Bankers Trust Corporation, by no later than December 22, 2014. As for defendants' motion for sanctions, the court granted the motion, and ordered counsel for Freddie Mac and MRG to file a declaration setting forth the attorney's fees incurred as a result of filing the motion.

On December 15, attorney Paul A. Matthews filed his declaration. (ECF No. 20.) The declaration states that Mr. Mathews billed Freddie Mac and MRG at a reduced hourly rate of $300.00, and spent a total of 9.9 hours communicating with Mr. Springer and his clients regarding the discovery dispute, researching and drafting the motion to compel and related documents, and drafting his declaration on fees. The declaration contains detailed time entries and descriptions of the legal services performed, as well as background on Mr. Matthews's education and legal experience. The attorney's fees total $2,970.00.

The court finds that the hourly rate charged by Mr. Matthews and the time spent on providing his legal services were fair, reasonable, and necessary. Rule 37(a)(5)(iii), however, cautions that an award of attorney's fees and expenses should not be unjust. Therefore, it is recommended that Mr. Springer be ordered to reimburse defendants Freddie Mac and MRG for attorney's fees relating to time spent drafting emails to Mr. Springer regarding the initial disclosures (0.3 hour on 11/7/14; 0.3 hour on 11/17/14); reviewing communications to Mr. Springer regarding the initial disclosures (0.4 hour on 11/21/14); drafting the motion to compel and for sanctions (2.2 hours on 11/21/14); drafting the memorandum in support of the motion to compel and for sanctions (1.0 hour on 11/21/14); and drafting

the declaration on fees (1.0 hour on 12/11/14), for a total amount of $1,560.00 (5.2 hours x $300.00 hourly rate).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

December 16, 2014
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**