IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| ALL SECURE GUARD & PATROL SERVICES, INC. and GUYLON GREER, as an individual principal shareholder, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| and | ) ) | |
| NATIONAL BANKERS TRUST CORPORATION, | ) ) ) | |
| Plaintiff in Intervention, | ) ) ) | |
| v. | ) ) | No. 2:14-cv-2575-STA-tmp |
| FEDERAL HOME LOAN MORTGAGE CORPORATION and MAKOWSKY RINGEL GREENBERG, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |
| CONSOLIDATED WITH | ) ) | |
| NATIONAL BANKERS TRUST CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ALL SECURE GUARD & PATROL SERVICES, INC., GUYLON GREER, and TARRIS GREER | ) ) ) ) | |
| Defendants. | ) | |

---

REPORT AND RECOMMENDATION

---

Before the court by order of reference is the Motion to Compel filed by defendants Federal Home Loan Mortgage Corporation and Makowsky Ringel Greenberg, LLC (collectively "Freddie Mac") on March 4, 2015. (ECF No. 30.) Freddie Mac moves the court to sanction plaintiffs All Secure Guard & Patrol Services, Inc. and Guylon Greer (collectively "All Secure Parties"), and/or their counsel, for failing to respond to Freddie Mac's First Request for Production of documents.

On November 21, 2014, Freddie Mac filed a motion to compel the All Secure Parties to provide their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). In that motion, Freddie Mac stated that all parties participated in a Rule 26(f) discovery planning meeting on October 2, 2014, and that at the meeting, counsel agreed that all parties would provide their initial disclosures by October 13, 2014. On October 20, 2014, the parties appeared for a Rule 16(b) scheduling conference before the District Judge. Counsel for all parties were present at the conference, including counsel for the All Secure Parties, Paul J. Springer, Sr. On that same date, the District Judge entered a scheduling order establishing the deadline for initial disclosures as October 13, 2014. On October 13, 2014, Freddie Mac and National Bankers Trust Corporation ("NBT") made their initial disclosures. However, the All Secure Parties did not provide their initial disclosures

as required.  According to the Certificate of Consultation attached to the motion, on November 7 and 17, 2014, counsel for Freddie Mac sent emails to Mr. Springer about the need for the motion and requesting a conference to discuss the motion.  On at least two occasions, including November 17, counsel for Freddie Mac also left voicemail messages for Mr. Springer requesting a conference to discuss the motion.  However, Mr. Springer never responded to the emails and voicemail messages.  He also did not respond to the motion to compel.

The court concluded Freddie Mac had shown good cause to grant the motion to compel.  (ECF No. 19.)  The court ordered the All Secure Parties to provide their initial disclosures by no later than December 22, 2014.[1]  (ECF No. 19.)  The court also granted Freddie Mac's motion for sanctions because, without a response to the motion to compel from the All Secure Parties, the court could not find that the nondisclosure was substantially justified or other circumstances would make an award of expenses unjust.  (ECF No. 19.)  The court warned the All Secure Parties that "their failure to participate in discovery or comply with the court's orders in the future may result in more severe sanctions, including the sanction of dismissal of their claims with prejudice and/or entry of default

---

[1]There is no indication that the All Secure Parties have failed to comply with the court's order compelling production of initial disclosures by December 22.

- 3 -

judgment against them."  After Freddie Mac filed a declaration setting out the attorney's fees and expenses incurred by attorney Paul A. Matthews, the undersigned recommended that Mr. Springer be ordered to reimburse Freddie Mac for attorney's fees in the reduced amount of $1,560.00.  (ECF No. 21.)  Neither party filed objections to the report and recommendation, and the District Judge adopted the report and recommendation on January 7, 2015.  (ECF No. 25.)  The District Judge further warned the All Secure Parties that "their failure to participate in discovery or comply with the court's orders in the future may result in more severe sanctions, including the sanction of dismissal of their claims with prejudice and/or entry of default judgment against them."  (ECF No. 25.)

In the present motion, Freddie Mac states that it served a First Request for Production on the All Secure Parties by mail and email on January 13, 2015.  The second page of the discovery request provides that the requested items "are to be made available for inspection and copying at 9:00 a.m. on February 13, 2015," at the offices of Freddie Mac's counsel.  In an email dated January 26, 2015, Mr. Springer confirmed that February 13 was an acceptable deadline to respond to the discovery request. Counsel for all parties had previously agreed to February 23, 2015, as the date for the plaintiffs' depositions.  The parties

agreed on this date to allow time for counsel to review the discovery documents prior to the depositions.

The All Secure Parties failed to respond to Freddie Mac's discovery request. Counsel for Freddie Mac emailed Mr. Springer on February 13 to check on the status of the discovery responses. They received a response from Mr. Springer, who stated, "I have spoken with Mr. Greer regarding the documents. He indicated that he has not received some of the documents yet. I have asked him to bring me what he has collected and [I'll] forward them to you and supplement when [I] get remainder. Thank you." By February 19, when Freddie Mac's counsel did not receive any discovery responses, he emailed Mr. Springer to inform him that the depositions scheduled for February 23 would need to be rescheduled. On February 25, Mr. Springer emailed counsel for Freddie Mac stating, "I have just received the documents from Guylon Greer. I am going to label them and have them hand delivered." Counsel for Freddie Mac emailed a response asking which documents would be produced and when the All Secure Parties would serve a written response to the discovery request. Since then, Freddie Mac's counsel has received no other communications from Mr. Springer, despite additional attempts to reach Mr. Springer by email and telephone.

Freddie Mac filed the present motion on March 4, 2015. (ECF No. 30.) Freddie Mac requests that the court award sanctions in the form of (1) dismissing the case with prejudice, and (2) ordering the All Secure Parties and/or Mr. Springer to pay the attorney's fees and expenses of Freddie Mac in connection with this motion, including paying the costs of Freddie Mac's in-house counsel's non-refundable airline ticket and hotel cancellation fee incurred due to the postponed February 23 depositions of the plaintiffs. Alternatively, Freddie Mac asks the court to order the All Secure Parties to immediately serve their written responses to the First Request for Production and award monetary sanctions. Lastly, Freddie Mac asserts that it has not yet received the $1,560.00 in sanctions from Mr. Springer, and asks the court to order Mr. Springer to pay the sanction promptly.

The All Secure Parties did not file a response to Freddie Mac's motion to compel, as required by the court's Local Rules. As a result, on March 27, 2015, the court entered an order directing the All Secure Parties, within fourteen days, to show cause why the motion should not be granted. (ECF No. 32.) The order to show cause warned the All Secure Parties that their failure to comply with the show cause order may result in severe sanctions, including the sanction of dismissal of their claims with prejudice and/or entry of default judgment against them.

To date, the All Secure Parties have not responded to Freddie Mac's motion or the court's order to show cause.

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action where "the plaintiff fails to prosecute or to comply with these rules or a court order." The Sixth Circuit has outlined four factors to consider in deciding whether to dismiss a case for failure to prosecute: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Universal Health Grp. v. Allstate Ins. Co., 703 F.3d 953, 956 (6th Cir. 2013) (quoting United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." Id. Based on the All Secure Parties' repeated failure to cooperate in discovery, failure to respond to Freddie Mac's motions, and failure to comply with the show cause order, the court finds their conduct to be willful and in bad faith. Freddie Mac has been prejudiced by the All Secure Parties' failure to prosecute the case in that Freddie Mac has been prevented from obtaining discovery to which they are entitled, they have been unable to take the depositions

of the All Secure Parties, and Freddie Mac has incurred significant expenses caused by the canceled depositions and the need to file motions seeking relief from the court. The court has repeatedly warned the All Secure Parties that severe sanctions, including the sanction of dismissal, could be imposed if they failed to participate in discovery or comply with the court's orders. The court has also previously issued less drastic sanctions as a result of the All Secure Parties' failure to provide their initial disclosures. Therefore, the court finds the most severe sanction of dismissal is warranted.

It is recommended that Freddie Mac's motion for sanctions be granted and that the All Secure Parties' complaint be dismissed with prejudice.[2] It is further recommended that the court order Mr. Springer to pay the $1,560.00 sanction previously imposed, within thirty (30) days.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 5, 2015
Date

---

[2]To the extent there are claims brought by NBT against Freddie Mac or against the All Secure Parties, this report and recommendation does not affect the viability of those claims.

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**