IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ALL SECURE GUARD & PATROL SERVICES, INC., and GUYLON GREER, as an individual principal shareholder, | ) ) ) ) |
| Plaintiffs, and | ) ) ) |
| NATIONAL BANKERS TRUST CORPORATION, | ) ) ) |
| Plaintiff in Intervention, v. | ) ) ) No. 14-2575-STA-tmp |
| FEDERAL HOME LOAN MORTGAGE CORPORATION and MAKOWSKY RINGEL GREENBERG, LLC, | ) ) ) ) |
| Defendants. | ) ) |
| CONSOLIDATED WITH | ) ) |
| NATIONAL BANKERS TRUST CORPORATION, | ) ) ) |
| Plaintiff, v. | ) ) ) |
| ALL SECURE GUARD & PATROL SERVICE, INC.; GUYLON GREER; and TARRIS GREER, | ) ) ) ) |
| Defendants. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND FOR SANCTIONS;
ORDER DISMISSING THE CLAIMS OF THE ALL SECURE PARTIES**

Before the Court is the United States Magistrate Judge' report and recommendation that

1

the Court dismiss the claims of Plaintiffs All Secure Guard & Patrol Service, Inc. ("All Secure") and Guylon Greer ("Greer") as a sanction for discovery abuse. The parties have filed objections and additional briefs on the Magistrate Judge's report. For the reasons set forth below, the Magistrate Judge's report and recommendation is **ADOPTED**, and Defendants' Motion to Compel and for Sanctions is **GRANTED**.

## BACKGROUND

**I. Procedural History**

On July 28, 2014, Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Makowsky Ringel Greenberg, LCC ("MRG") removed this case from state court. According to the notice of removal, on February 8, 2011, All Secure and Greer filed a complaint against Freddie Mac and MRG in the Circuit Court for Shelby County, case no. CT-000573-11 Div. VIII ("the circuit complaint"). Freddie Mac and MRG have attached a copy of the circuit complaint to the notice of removal. In this complaint, All Secure and Greer allege that All Secure began providing security services at apartment complexes in Memphis, Tennessee in October 2007. In December 2008, Freddie Mac purchased the apartments at a foreclosure sale and retained MRG to manage the property. Prior to the foreclosure, the previous owner and property manager had failed to pay All Secure for security provided at the apartments from February 2008 through October 2008. All Secure suspended its security services at the apartments in October 2008 for non-payment. The complaint alleges that in November 2008, Freddie Mac entered into an agreement with All Secure to make the payments for the services All Secure had rendered from February 2008 and October 2008. Freddie Mac further contracted with All Secure for security at the apartments going forward. The complaint alleges that MRG was on notice of the agreement between Freddie Mac and All Secure. MRG made a partial

2

payment of $21,976.38 to All Secure for the past-due accounts for services rendered between February 2008 and October 2008.  However, the complaint alleges that Freddie Mac and MRG failed to pay the remaining balance or to make payments for the security services All Secure provided after Freddie Mac acquired the property.  All Secure and Greer sued Freddie Mac and MRG for breach of contract and other causes of action under Tennessee law.

On February 26, 2014, the Circuit Court of Shelby County, Tennessee entered an order granting NBT's consent motion to intervene in the complaint filed by All Secure and Greer against Freddie Mac and MRG.  On March 11, 2014, National Bankers Trust ("NBT") filed its intervenor complaint, which Freddie Mac and MRG have also attached to the notice of removal. NBT alleges in its intervenor complaint that NBT and All Secure entered into a factoring agreement in December 2007.  Under the terms of the agreement, NBT made cash advances to All Secure in exchange for All Secure granting NBT a security interest in All Secure's accounts receivables.  NBT alleges that its security interest included an interest in All Secure's receivables for security services provided by All Secure at the apartments Freddie Mac acquired in December 2008.  Freddie Mac and MRG made the partial payment of $21,976.38 directly to All Secure, and not NBT.  According to the intervenor complaint, Freddie Mac and MRG are liable for conversion of the $21,976.38 paid directly to All Secure and for any other amounts they paid directly to All Secure.

The exhibits to the notice of removal also indicate that NBT filed a separate action against All Secure, Guylon Greer, and Tarris Greer in the Chancery Court for Shelby County, Tennessee, case no. CH-11-0937 Part I ("the chancery complaint").  On February 26, 2014, the Circuit Court for Shelby County, Tennessee granted NBT's consent motion to consolidate its chancery complaint with the circuit complaint and NBT's intervenor complaint against Freddie

Mac and MRG in Circuit Court. NBT's chancery complaint was not attached to the notice of removal, presumably because the removing parties Freddie Mac and MRG are not named in that pleading. Otherwise, NBT has not made its chancery complaint part of the record before this Court. As such, the precise claims made by NBT against All Secure, Guylon Greer, and Tarris Greer are not clear to the Court.[1]

On October 17, 2014, the Court held a scheduling conference with counsel for the parties and entered a Rule 16(b) scheduling order on October 20, 2014. Under the case management deadlines established in the scheduling order, initial disclosures were due on or before October 13, 2014. On November 21, 2014, Freddie Mac and MRK filed a motion for an order compelling All Secure and Guylon Greer to make initial disclosures and motion for sanctions (ECF Nos. 15 & 16). The Court referred Defendants' motions to the Magistrate Judge for determination, and All Secure and Guylon Greer failed to respond to the motions within the time allowed under the Local Rules. On December 8, 2014, the Magistrate Judge granted the motion to compel and ordered All Secure and Guylon Greer to provide initial disclosures by December 22, 2014 (ECF No. 19). The Magistrate Judge also granted the motion for sanctions and directed counsel for Freddie Mac and MRG to prepare a fee petition, documenting the reasonable attorney's fees Defendants incurred as a result of the motion to compel. Counsel filed his fee petition (ECF No. 20) on December 15, 2015, seeking an award of $2,970.00 in fees. The Magistrate Judge recommended that the Court award Freddie Mac and MRG attorney's fees in the amount of $1,560.00 as a sanction. No party filed any objections to this recommendation. On January 7, 2015, the Court adopted the Magistrate Judge's recommendation and ordered counsel

---

[1] The status of NBT's claims against the All Secure parties is also not clear to the Court. Although the Court is dismissing the claims of the All Secure parties, the Court assumes that NBT claims against the All Secure parties will go forward.

for All Secure and Guylon Greer to pay Defendants' attorney's fees in the amount of $1,560.00.

In addition to awarding monetary sanctions, the Court underscored the caution given by the Magistrate Judge in his order granting Defendants' motion to compel and motion for sanctions, warning All Secure and Guylon Greer that their failure to participate in discovery or comply with the Court's orders in the future might result in more severe sanctions, including the sanction of dismissal of their claims with prejudice and/or entry of default judgment against them.

## II. The Magistrate Judge's Report and Recommendation

On March 4, 2015, Freddie Mac and MRG filed the Motion to Compel and for Sanctions (ECF No. 30) now before the Court. Pursuant to an order of reference, the Magistrate Judge issued a report and recommendation that the Court grant the Motion and dismiss the claims of All Secure and Guylon Greer ("the All Secure parties" per the Magistrate Judge's report) against Freddie Mac and MRG as a discovery sanction. The Magistrate Judge reported the following facts surrounding the Motion, which the Court hereby adopts as the findings of the Court. Freddie Mac served a First Request for Production on the All Secure parties by mail and email on January 13, 2015. The second page of the discovery request provides that the requested items "are to be made available for inspection and copying at 9:00 a.m. on February 13, 2015," at the offices of Freddie Mac's counsel. In an email dated January 26, 2015, counsel for the All Secure parties Mr. Paul Springer confirmed that February 13 was an acceptable deadline to respond to the discovery request. Counsel for all parties had previously agreed to February 23, 2015, as the date for Plaintiffs' depositions. The parties agreed on this date in order to allow time for counsel to review the discovery documents prior to the depositions.

The All Secure parties subsequently failed to respond to Freddie Mac's discovery

request. Counsel for Freddie Mac emailed Mr. Springer on February 13 to check on the status of the discovery responses. Mr. Springer stated in response as follows: "I have spoken with Mr. Greer regarding the documents. He indicated that he has not received some of the documents yet. I have asked him to bring me what he has collected and [I'll] forward them to you and supplement when [I] get remainder. Thank you." By February 19, 2015, when Freddie Mac's attorney did not receive any discovery responses, counsel emailed Mr. Springer to inform him that the depositions scheduled for February 23 would need to be rescheduled. On February 25, Mr. Springer emailed counsel for Freddie Mac stating, "I have just received the documents from Guylon Greer. I am going to label them and have them hand delivered." Counsel for Freddie Mac emailed a response asking which documents would be produced and when the All Secure parties would serve a written response to the discovery requests. After that time, Freddie Mac's counsel received no other communications from Mr. Springer, despite additional attempts to reach Mr. Springer by email and telephone.

Freddie Mac filed the instant Motion on March 4, 2015 (ECF No. 30). Freddie Mac requests that the court award sanctions in the form of (1) dismissing the case with prejudice, and (2) ordering the All Secure parties and/or Mr. Springer to pay the attorney's fees and expenses of Freddie Mac in connection with this motion, including paying the costs of Freddie Mac's in-house counsel's non-refundable airline ticket and hotel cancellation fee incurred due to the postponed February 23 depositions of Plaintiffs. Alternatively, Freddie Mac asks the court to order the All Secure parties to immediately serve their written responses to the First Request for Production and award monetary sanctions. Lastly, Freddie Mac asserts that it has not yet received the $1,560.00 in sanctions awarded in connection with Defendants' first motion to compel and asks the court to order Mr. Springer to pay the sanction promptly. The All Secure

parties did not respond to the Motion to Compel and for Sanctions and failed to respond to the Magistrate Judge's show cause order.

As a result of the All Secure parties' failures to respond, the Magistrate Judge has recommended that the Court dismiss the All Secured parties' claims against Freddie Mac and MRG for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Magistrate Judge considered the four factor test used by the Sixth Circuit to determine whether dismissal for failure to prosecute is warranted and found that each factor weighed in favor of dismissal. The All Secured parties have acted willfully and in bad faith by not cooperating in discovery, by failing to respond to Defendants' motions, and by failing to comply with court orders. The All Secured parties have also thwarted the orderly progress of discovery in the case and caused Defendants to incur unnecessary expense. The Court and the Magistrate Judge had previously issued less drastic sanctions and warned the All Secured parties that more severe sanctions would follow if they continued to ignore their discovery obligations and the orders of the court. The Magistrate Judge concluded that under the circumstances dismissal of the All Secured parties' claims was justified. In this regard, the Magistrate Judge noted that the dismissal of the All Secured parties' claims would have no effect on the claims of NBT against the Defendants. The Magistrate Judge gave counsel for the All Secured parties 30 days to satisfy the previous award of sanctions.

### III. The Parties' Objections and Responses

Freddie Mac and MRG have filed objections to the Magistrate Judge's report and recommendation (ECF NO. 35). While Defendants have no objection to the dismissal of the All Secure parties' claims, they argue that the Magistrate Judge did not go far enough. The Magistrate Judge should have dismissed the entire case, including the claims of NBT as the

7

intervenor. Freddie Mac and MRG further argue that the Magistrate Judge did not address their request for attorney's fees and expenses associated with the Motion to Compel, including the costs Defendants incurred when the parties had to postpone depositions. Should the Court dismiss the claims of the All Secure parties but not the claims of NBT, Defendants still need responses to the discovery they propounded on the All Secure parties. The information is relevant to NBT's claims against Freddie Mac and MRG. Finally, Defendants request that the Court warn counsel for the All Secure parties that he will be found in contempt of court should he fail to make payment for the $1,560 in sanctions previously awarded by the Court.

NBT has filed a response to Defendants' objections and argued that it has not committed any discovery violation or engaged in any sanctionable conduct. As such, dismissal of its claims against Defendants would not be proper. NBT asserts no other position on the issue of whether sanctions against the All Secure parties are warranted.

The All Secure parties have filed their own objections to the Magistrate Judge's report and recommendations. The All Secure parties concede that Defendant served them with discovery requests on January 17, 2015. In preparing their response to the requests, the All Secure parties determined that some of the documents requested were no longer in Greer's possession and had to be obtained from third parties. Greer provided his attorney with copies of some of the documents on February 24, 2015. At the time when counsel for the All Secure parties was in communication with counsel for Defendants about the outstanding discovery on February 25, 2015, counsel was in the process of relocating his office. Mr. Springer was moving "his office from 301 Washington Avenue, Suite 302, Memphis, Tennessee 38103 to 2400 Washington, Suite 411, Memphis, Tennessee 38112." As part of the moving process, Mr. Springer mailed postcards with his new contact information to his clients as well as to opposing

counsel. Counsel also completed a change of address form with the U.S. Postal Service; however, the post office "inadvertently listed counsel for Plaintiff's forwarding address as 2400 Washington Avenue, Suite 411, rather than 2400 Poplar Avenue, Suite 411." As a result of the erroneous forwarding address, Mr. Springer's mail was returned to sender. Other mail Mr. Springer left for pick-up by the postal service, including the All Secure parties' discovery requests, was not delivered, though it is not at all clear to the Court why the error with Mr. Springer's forwarding address would cause his outgoing mail to not be delivered. Counsel for the All Secure parties has been informed that some of his mail remains at the post office awaiting delivery. Counsel completed the move to his new office by March 2, 2015.

Counsel for the All Secure parties goes on to explain recent problems with his office telephone and email service. Counsel formerly used AT&T for telephone and email service and had an email address issued by AT&T. When counsel began to experience issues with emails not reaching their intended recipients, he discontinued his service with AT&T and switched to Comcast. Additional problems arose when counsel made the switch, depriving counsel of telephone or internet service for one week. Counsel thereafter established a new email address and registered it with the Court's ECF system, though counsel has not shown when he updated his email address with the Court. According to Mr. Springer, the first electronic notice he received at his new email address was the Magistrate Judge's report and recommendation that the Court dismiss the All Secure parties' claims. At about the same time, counsel received correspondence from opposing counsel and realized for the first time that Defendants had not received his responses to Defendants' discovery requests. Counsel immediately made copies of the discovery responses and delivered them to opposing counsel. The All Secured parties conclude by stating that justice demands that they be able to pursue their claims on the merits.

Freddie Mac and MRG have responded to the All Secure parties' objections. Defendants

point out that only Guylon Greer actually filed objections to the report and recommendation. As a result, All Secure has not shown why the Court should not adopt the Magistrate Judge's report. Regardless, Defendants contend that the All Secure parties have not substantiated their claims about problems with counsel's mail service and access to email. Counsel has not filed an affidavit to establish his claims about the issues with his telephone and email service. Counsel has not shown when he first became aware that he was not receiving electronic notices from the Court or why he did not notify the Court and opposing counsel about the situation sooner.

Defendants point out a number of other problems with the explanation offered by counsel. Even if the postal service had attached incorrect forwarding labels to counsel's mail, counsel has not explained why this error caused his outgoing mail to not be delivered or why it resulted in counsel having his change of address postcards returned to sender. More importantly, counsel has not explained why the move of his office delayed his production of discovery responses on behalf of his clients until May 2015. Counsel for the All Secure parties notified opposing counsel on February 25, 2015, that he was having the discovery hand-delivered to opposing counsel. However, counsel for Freddie Mac and MRG did not receive the discovery until May 6, 2015. As for counsel for Plaintiffs' email issues, the ECF system calls into doubt counsel's claim that the first electronic notice he received at his new email address was the Magistrate Judge's report and recommendation. ECF shows that counsel received a notice filed by Freddie Mac and MRG on April 15, 2015, at his new email address. Specifically, Defendants filed a notice with the Court to call attention to the fact that the All Secure parties had not filed a timely response to the Magistrate Judge's show cause order. The Magistrate Judge did not issue his report and recommendation until May 5, 2015, about three weeks later. Counsel for the All Secure parties took no action during this interim to contact the Court or opposing counsel or to

ascertain the status of the case.

Putting aside any problems counsel may have experienced with his regular mail or email, it is clear that counsel knew his client's responses to discovery requests were overdue and then took no further action to communicate with opposing counsel for almost two months. In a February 25, 2015 email, counsel for Freddie Mac and MRG notified counsel for Plaintiffs that he intended to file a motion to compel and seek sanctions for Plaintiffs' failure to respond to discovery. There is no dispute that counsel for the All Secure parties received this email because counsel responded to it and Plaintiffs have attached a copy of it to their objections. Furthermore, when Freddie Mac and MRG did file their Motion to Compel and for Sanctions, their attorney faxed a copy of the Motion to counsel for the All Secure parties and left counsel a number of voicemail messages. Plaintiffs have not shown then why counsel failed to take any further action until the Magistrate Judge issued a recommendation to dismiss Plaintiffs' claims. Therefore, the Court should overrule Plaintiffs' objections and adopt the Magistrate Judge's recommendation for dismissal.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, a United States Magistrate Judge may hear a pretrial matter dispositive of a claim or defense and enter a recommended disposition along with proposed findings of fact.[1] A party may file specific written objections to the Magistrate Judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition.[2] The Court must "make a *de novo* determination of those portions of the report or

---

[1] 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).

[2] § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

specific proposed findings or recommendations to which objection is made."[3] After reviewing the record, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge.[4] Moreover, the Court need not review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no specific objection is made.[5] Rather, the Court may adopt the findings and rulings of the magistrate judge to which no specific objection is filed.[6]

## ANALYSIS

### I. Dismissal of the All Secure Parties' Claims

Having reviewed the Magistrate Judge's report and recommendation, the parties' briefs and objections, and the entire record of the proceedings, the Court hereby adopts the Magistrate Judge's recommendation, grants Defendant's Motion to Compel and for Sanctions, and dismisses the claims of the All Secure parties as a discovery sanction. Federal Rule of Civil Procedure 37(b) grants the Court authority to impose appropriate sanctions, including dismissal of the action, for a party's violations of its disclosure and discovery obligations under the rules. Pursuant to Rule 37(b), the sanction of dismissal is appropriate only on the consideration of four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions

---

[3] § 636(b)(1)(C).

[4] *Id.*

[5] *Thomas v. Arn,* 474 U.S. 140, 150 (1985).

[6] *Id.* at 151.

12

were imposed or considered before dismissal was ordered."[2]  Each of these factors weighs in favor of the sanction of dismissal in this case.

First, the record establishes that the All Secure parties' failure to provide timely responses to discovery requests was due to willfulness and fault.  Despite their agreement to produce discovery to Defendants by February 13, 2015, the All Secure parties did not actually hand over the discovery until May 2015.  Counsel for the All Secure parties, Mr. Springer, has offered explanations for the delay in producing the discovery, including the relocation of his law office in late February and early March 2015, the disruption of his regular mail, and a change in his telephone and email service.  Defendants have pointed out a number of inconsistencies in the reasons given by Mr. Springer.  The Court agrees that some of counsel's reasons are at best difficult to reconcile.  In the final analysis, the Court need not sort out all of the specifics of why Mr. Springer could not respond with timely discovery.

Even accepting counsel's explanation about moving offices and changing telephone numbers and email addresses, two unchallenged facts remain: Mr. Springer was aware his client's discovery responses were due by February 13 and Mr. Springer failed to stay abreast of subsequent developments in the case.  The Sixth Circuit has held that "parties have an affirmative duty to monitor the dockets to keep apprised" of activity in their case.[3]

> Now that electronic dockets are widely available, the burden imposed by this affirmative duty is minimal.  Attorneys may monitor the docket from the comfort of their offices; they simply need to log-on to the CM/ECF system from a computer.  Further, email notification of docket activity is often available to assist attorneys in monitoring their cases.  Regardless of the method of communication utilized (posted mail or email), it is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address.  Thus, after an email address change or migration, just as with a change of physical address, a party must inform the court of his or her updated contact information if he wishes

---

[2] *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013).
[3] *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012).

to receive notices of electronic filing. However, we emphasize that regardless of whether email notifications are received, parties continue to have a duty to monitor the court's docket.[4]

In this case, counsel had an affirmative duty to follow developments in the case, watch for orders and other filings on the docket, maintain current contact information with the Court and opposing counsel, and otherwise ensure that he diligently satisfied all of his obligations as an officer of the court. Regardless then of how Mr. Springer's mail was mishandled or his email service interrupted, there is simply no justification for Mr. Springer's failure to remain uninformed for several weeks about the progress of the case and no justification for the All Secure parties' failure to respond to a motion to compel and then a show cause order from the Magistrate Judge. This is particularly true when the Court had already cautioned the All Secure parties about failing to meet their discovery obligations or comply with the orders of the Court.

This is also not the first time in this case that the All Secure parties failed to respond to a motion to compel. The All Secure parties were ultimately sanctioned for their failure to make initial disclosures, after they did not make the disclosures by the agreed upon deadline, did not file a written response to Defendants' motion to compel, did not respond to the Magistrate Judge's order granting the motion to compel, and did not offer any objections to the Magistrate Judge's recommendation that they pay Defendants reasonable attorney's fees. Taken together with Mr. Springer's failure to stay apprised of the developments in the case during his move, the Court can only conclude that the All Secure parties' failure to meet their discovery obligations was due to willfulness and fault. Therefore, the first factor weighs strongly in favor of the sanction of dismissal.

Second, the All Secure parties' conduct has prejudiced Defendants as well as the

---

[4] *Id.* at 629-30 (internal citations omitted).

intervenor plaintiff NBT. The All Secure parties' failure to participate in discovery resulted in the indefinite postponement of a deposition previously noticed for February 23, 2015. In fact, during the pendency of the Motion to Compel and the parties' briefing on the Magistrate Judge's report and recommendation, many of the Rule 16(b) case management deadlines have passed and will need to be reset. Specifically, the deadline for completing all discovery passed on July 1, 2015. The Court set a trial in this matter for December 14, 2015, based on the discovery deadline and the other deadlines to which the parties had agreed in the scheduling order. In light of the delay occasioned by the All Secure parties' failure to participate in discovery, the Court will need to enter a new scheduling order and continue the current trial setting. All of these factors will prejudice Defendants and NBT. As such, the Court finds that this second factor weighs in favor of the sanction of dismissal.

Finally, the third and fourth factors also weigh in favor of dismissal. The Court had previously warned the All Secure parties that their failure to cooperate in discovery could result in the dismissal of their claims. This warning appeared in the Magistrate Judge's order granting Defendants' motion to compel (ECF No. 19) entered on December 8, 2014, as well as in the Court's order adopting the Magistrate Judge's report and recommendation on sanctions (ECF No. 25) entered on January 7, 2015. The Court also imposed less drastic sanctions in the form of an award of attorney's fees in connection with Defendants' first motion to compel, a sanction which the All Secure parties have still not satisfied. Therefore, both of these factors weigh in favor of the sanction of dismissal.

Having determined that all of the relevant factors favor the dismissal of the All Secure parties' claims, the Court adopts the Magistrate Judge's recommendation, grants Defendants' Motion to Compel and for Sanctions, and dismisses the claims of the All Secure parties.

Defendants have objected to the Magistrate Judge's recommendation, arguing that dismissal of the All Secure parties' claims does not go far enough. Defendants contend that their Motion also sought the dismissal of the claims alleged against them by NBT in its intervenor complaint. The Court finds no cause to dismiss NBT's claims due to discovery abuses committed by the All Secure parties. Each party has separate counsel and separate theories of recovery against Defendants.[5] Perhaps more importantly, Defendants have not shown that NBT neglected any of its own discovery obligations or disregarded any court order or deadline, whereby any sanction would be warranted. Defendants' Motion to Compel concerned Defendants' First Request for Production, which specifically stated that Defendants were requesting that "Plaintiffs All Secure Guard & Patrol Services, Inc., and Guylon Greer produce and make available for inspection and copying" the documents described in the discovery request.[6] Not surprisingly, Defendants' Motion to Compel did not argue for the dismissal of NBT's claims. In fact, Defendants' certificate of consultation specifically stated that the Motion to Compel was "directed at the plaintiffs, All Secure Guard & Patrol Services, Inc., and Guylon Greer" and that counsel for Defendants had attempted to consult only with counsel for the All Secure parties. Counsel for Defendants did not certify that they had consulted with counsel for NBT. In short, Defendants' argument that the Court should also dismiss the claims of NBT is without merit.

## II. Award of Reasonable Expenses

Defendants further argue that in addition to dismissing the claims of the All Secure

---

[5] NBT has claims of its own against the All Secure parties and Tarris Greer as alleged in NBT's chancery complaint. As previously noted, the chancery complaint was consolidated with the All Secure parties' complaint prior to removal, though the chancery complaint was not attached as an exhibit to the notice of removal.

[6] Defs.'s First Request for Production 2, Jan. 13, 2015 (ECF No. 30-1).

parties, the Court should award Defendants their reasonable expenses as a sanction for the All Secure parties' failure to satisfy their discovery obligations. Specifically, Defendants request that the Court order the All Secure parties and/or Mr. Springer to pay Defendants'

> reasonable and necessary costs and fees in connection with the Motion to Compel and for Sanctions, including attorney fees and expenses and the cost of Freddie Mac's in-house counsel's non-refundable airline ticket from Washington, D.C., to Memphis and the cancellation fee for his Memphis hotel room in connection with the postponed depositions that were set for February 23, 2015.[7]

In addition to the sanctions enumerated in Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust."[8] The Court finds good cause to award Defendants their reasonable expenses and attorney's fees caused by the All Secure parties' discovery failures. Counsel for Defendants is directed to file a fee petition and affidavit setting forth Defendants' reasonable attorney's fees associated with the filing and briefing of the Motion to Compel and the other costs incurred as a result of the postponed discovery depositions. Counsel's fee petition is due within 21 days of the entry of this order.

As for the monetary sanctions previously awarded to Defendants in connection with their first motion to compel, counsel for the All Secure parties Mr. Springer is ordered to pay the sanction in the amount of $1,560.00 within 30 days of the entry of this order. Counsel is warned that failure to satisfy his obligations within that time will result in additional sanctions.

## III. Amended Scheduling Order

Finally, the discovery delays presented in this case necessitate the amendment of the scheduling order for the remaining claims of NBT. The deadline for completing all discovery

---

[7] Defs.' Objs. to the Mag. J.'s Rep. & Recommendation 5, May 19, 2015 (ECF No. 35).

under the current Rule 16(b) case management order has passed, and the remaining deadlines would no longer appear to be feasible. Therefore, counsel for the parties are ordered to confer about new case management deadlines and then jointly submit a proposed amended scheduling order for the Court's consideration. The proposed amended scheduling order is due within 21 days of the entry of this order.

Defendants argue that in the event the Court dismisses only the claims of the All Secure parties, and not NBT, the remaining parties will nevertheless need the discovery sought by Defendants from the All Secure parties in Defendants' First Request for Production. Defendants acknowledge that they received some documents from Plaintiff Guylon Greer on May 6, 2015, but argue that the responses are deficient in many respects. The All Secure parties are ordered to provide Defendants with full responses to Defendants' First Request for Production within 21 days of the entry of this order.

## CONCLUSION

The Magistrate Judge's report and recommendation is **ADOPTED**. Defendants' Motion to Compel and for Sanctions is **GRANTED**. The claims of the All Secure parties are hereby dismissed as a sanction for discovery abuse pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. Defendants are awarded their reasonable expenses, and counsel's fee petition is due within 21 days of the entry of this order. Counsel for the All Secure parties is ordered to satisfy the monetary sanction of $1,560.00 previously imposed by the Court within 30 days of the entry of this order. Counsel for the parties are also ordered to confer and submit a proposed amended scheduling order within 21 days of the entry of this order. The All Secure parties are directed to produce full responses to Defendants' First Request for Production within 21 days of

---

[8] Fed. R. Civ. P. 37(b)(2)(C).

the entry of this order.

      **IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      UNITED STATES DISTRICT JUDGE

                                      Date: August 19, 2015.