IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| ALL SECURE GUARD & PATROL SERVICES, INC., and GUYLON GREER, as an individual principal shareholder, | ) ) ) ) | |
| Plaintiffs, and | ) ) ) | |
| NATIONAL BANKERS TRUST CORPORATION, | ) ) ) ) | |
| Plaintiff in Intervention, v. | ) ) ) | No. 14-2575-STA-tmp |
| FEDERAL HOME LOAN MORTGAGE CORPORATION and MAKOWSKY RINGEL GREENBERG, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| CONSOLIDATED WITH | ) ) | |
| NATIONAL BANKERS TRUST CORPORATION, | ) ) ) | |
| Plaintiff, v. | ) ) ) ) | |
| ALL SECURE GUARD & PATROL SERVICE, INC.; GUYLON GREER; and TARRIS GREER, | ) ) ) ) | |
| Defendants. | ) ) | |

_____

**ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY'S FEES
ORDER DENYING THE ALL SECURE PARTIES' MOTION TO SET ASIDE
JUDGMENT**
_____

1

Before the Court is Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Makowsky Ringel Greenberg, LLC ("MRG")'s Motion for Attorney's Fees (ECF No. 41) filed on September 9, 2015. Also before the Court is All Secure Guard & Patrol Service, Inc. ("All Secure") and Guylon Greer's Motion to Set Aside Judgment (ECF No. 43) filed on September 18, 2015. For the reasons set forth below, Defendants' Motion for Attorney's Fees is **GRANTED**, and the All Secure parties' Motion to Set Aside Judgment is **DENIED**.

## BACKGROUND

The Court has set out the full procedural history of this action in a previous order and need not review the entire history of the case here. Briefly, National Bankers Trust's ("NBT") alleges that it acquired a security interest in All Secure's accounts receivables under the terms of a December 2007 factoring agreement between the parties. NBT claims that Freddie Mac and MRG are liable for the conversion of $21,976.38 in funds Freddie Mac and MRG paid directly to All Secure for security services provided by All Secure at apartment complexes in Memphis, Tennessee, owned by Freddie Mac and managed by MRG. For their part, All Secure and Greer ("the All Secure parties") alleged claims of their own against Freddie Mac and MRG for additional unpaid sums owed for security services at Freddie Mac apartment complexes.

On August 19, 2015, the Court entered an order adopting a recommendation from the United States Magistrate Judge and dismissed the claims of the All Secure parties as a discovery sanction under Federal Rule of Civil Procedure 37(b). The Court analyzed the relevant factors under Rule 37(b) and concluded that all of them weighed in favor of dismissal. First and foremost, the Court found that the All Secure parties' failure to provide timely responses to Defendants' discovery requests was due to willfulness and fault. The Court considered the

2

reasons given by counsel for the All Secure parties Mr. Paul Springer, Esq. accounting for the delay in producing discovery. Mr. Springer explained that he had relocated his law office in late February and early March 2015, experienced the disruption of his regular mail, and changed his telephone and email service. The Court did not delve into the specifics given by Mr. Springer but instead "accept[ed] counsel's explanation about moving offices and changing telephone numbers and email addresses." Even at that, the Court found that Mr. Springer was aware his client's discovery responses were due and that Mr. Springer failed to stay abreast of subsequent developments in the case during his move and the interruption in his communication services. The Court concluded that Mr. Springer had at all times "an affirmative duty to monitor the dockets to keep apprised" of activity in the case. As such, the All Secure parties' failure to participate in discovery was a result of willfulness and fault.

The Court went on to find that the All Secure parties' conduct had prejudiced Defendants and that the All Secure parties had engaged in discovery abuse despite previous warnings from the Court and the imposition of lesser sanctions. Therefore, the sanction of dismissal was warranted under all of the circumstances. The Court also awarded Defendants their reasonable expenses as a sanction for the All Secure parties' failure to satisfy their discovery obligations. The Court instructed counsel for Defendants to file a fee petition and affidavit setting forth Defendants' reasonable attorney's fees associated with the filing and briefing of the Motion to Compel and other costs incurred as a result of the postponed discovery depositions.

Defendants responded by filing the Motion for Attorney's Fees (ECF No. 41) now before the Court. In their Motion, Defendants argue that the All Secure parties' failure to produce timely discovery responses resulted in the last-minute postponement of depositions properly

noticed and set for Guylon Greer and Tarris Greer on February 23, 2015. When the parties postponed the depositions, Michael J. Stauber, associate general counsel for Freddie Mac, was forced to cancel a non-refundable airline ticket for travel from Washington, D.C. to Memphis, Tennessee, to attend the depositions as well as a hotel reservation for his stay. Defendants have attached an affidavit from Mr. Stauber in which he affirms that he had non-refundable airfare in the amount of $431.70 and a non-refundable hotel fee of $259.85. Mr. Stauber's affidavit includes a copy of his travel itinerary and receipts for his travel expenses.

Defendants have also produced an affidavit from counsel of record Paul A. Matthews, Esq. Mr. Matthews lists in his affidavit the expenses Defendants incurred as a result of the All Secure parties' failure to provide discovery, including the preparation and filing of Defendants' motion to compel and for sanctions. Mr. Matthews's affidavit states that his hourly rate for work performed through March 27, 2015 was $300.00 and $335.00 for all work performed after that date. Mr. Matthews's affidavit also shows that the preparation of Defendants' motion to compel and for sanctions and the briefing on objections to the Magistrate Judge's report and recommendation required 22.6 hours of counsel's time. As a result, Defendants incurred $7,315.50 in attorney's fees related to the motion to compel and for sanctions. Together with Mr. Stauber's travel costs, Defendants seek a total award of expenses of $8,007.05 as a sanction for discovery abuse.

The All Secure parties have responded in opposition (ECF No. 48) to Defendants' Motion for Attorney's Fees. The All Secure parties assert that Mr. Springer has satisfied the sanction the Court previously imposed on him, the payment of Defendants' reasonable attorney's fees in the amount of $1,560.00. The All Secure parties argue then that the Court should deny

Defendants' request for additional sanctions.

The All Secure parties filed their own Motion to Set Aside Judgment (ECF No. 43). The All Secure parties seek the revision of the Court's August 19, 2015 order dismissing their claims as a discovery sanction. Although the All Secure parties did not file a separate memorandum of law to support their Motion, the Motion itself contains the following additional information about Mr. Springer's interruption of communications earlier this year. According to the Motion, Mr. Springer contacted the Court's electronic case filing (ECF) helpdesk to seek assistance with changing his registered email address in the Court's ECF system. The Motion states that Mr. Springer did not receive the Magistrate Judge's show cause order dated March 27, 2015, presumably because of his email issues, and that the All Secure parties would have responded to the show cause order and provided discovery, but for Mr. Springer's communications problems. The All Secure parties have attached additional exhibits to their Motion, including April 6, 2015 and May 2015 emails between Mr. Springer and Clerk's Office staff about changing Mr. Springer's email address in the ECF system (ECF No. 43-1); a February 24, 2015 mail to Mr. Springer about "space being available" to him on Friday and attributing the delay to weather (ECF No. 43-2), presumably a reference to Mr. Springer's office move; Mr. Springer's service paperwork from Comcast (ECF No. 43-3); March 9, 2015 emails concerning a quote for the installation of cable and telephone systems (ECF No. 43-4); and copies of April 2015 correspondence addressed to Mr. Springer from opposing counsel (ECF No. 43-5). The All Secure parties conclude by asserting that "justice demands that this case move forward on the merits."

Defendants have responded in opposition (ECF No. 46) to the Motion to Set Aside

Judgment. Defendants argue that the All Secure parties' Motion suffers from a number of defects. The Motion is not accompanied by a memorandum of law and includes no citation or discussion of legal authority. Furthermore, any request for relief under Rule 60(b) is not well-taken because the Court has not entered a final judgment and the All Secure parties have not briefed any of the factors justifying relief under Rule 60(b). Likewise, the All Secure parties have not shown why revision of the Court's dismissal of their claims is warranted under Rule 54 or Local Rule 7.3. The All Secure parties' Motion should be denied for these reasons alone.

On the merits Defendants argue that the All Secure parties' request is simply a rehash of arguments and claims the Court has already considered and decided. As for the exhibits attached to the Motion, the proof is not authenticated and does not actually clarify what happened to Mr. Springer's office phones and email and do not show why he did not respond to opposing counsel's correspondence or the orders of the Court. Defendants further point out that the Court's order imposing sanctions and dismissing the claims of the All Secure parties actually accepted Mr. Springer's explanation about his communications problems. Despite these issues the Court concluded that Mr. Springer had an affirmative duty to keep himself and his clients informed about the progress of the case. Defendants finally note that the All Secure parties have not requested relief from the other sanctions imposed by the Court, specifically, the payment of Defendants' reasonable attorney's fees and costs associated with their motion to compel and for sanctions. Therefore, Defendants believe the Motion to Set Aside Judgment should be denied.

## **STANDARD OF REVIEW**

The All Secure parties have styled their request for relief as a Motion to Set Aside Judgment and mention Rule 60 of the Federal Rules of Civil Procedure. Rule 60(a) allows a

district court to "correct a clerical mistake or mistake arising from oversight or omission" in a "judgment, order, or other part of the record."[1] Rule 60(b) permits a district court to grant relief from a judgment, order, or proceeding for reasons specified in the rule, including "Mistake, inadvertence, surprise, or excusable neglect" or "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."[2] As Defendants noted in their brief, the Court has not entered a final judgment in this matter, and its order dismissing the claims of the All Secure parties is interlocutory in nature. The Court concludes then that Rule 60 affords the All Secure parties no relief at this stage of the proceedings.

Rule 54(b) provides that an order "that adjudicates fewer than all the claims . . . of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[3] Local Rule of Court 7.3 provides for motions for revision of interlocutory orders and states that "any party may move pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order" before the entry of judgment.[4] Local Rule 7.3(b) enumerates the only grounds for revision and requires the moving party to specifically show

---

[1] Fed. R. Civ. P. 60(a).

[2] Fed. R. Civ. P. 60(b)(1) & (2).

[3] Fed. R. Civ. P. 54(b).

[4] L.R. 7.3(a); *see also Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.").

(1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.[5]

Local Rule 7.3(c) prohibits the repetition of any argument the party moving for revision made during the initial consideration of the issues.[6] "Any party or counsel who violates this restriction shall be subject to appropriate sanctions, including, but not limited to, striking the filing."[7] In their Motion to Set Aside Judgment, the All Secure parties seek the revision or reconsideration of the Court's order granting Defendants' motion for sanctions and dismissing the claims of the All Secure parties. Under the circumstances, the Motion to Set Aside Judgment is properly construed as a Motion under Federal Rule of Civil Procedure 54(b) and Local Rule 7.3.

## ANALYSIS

### I. Motion to Set Aside Judgment

The issue presented in the All Secure parties' Motion to Set Aside Judgment is whether the Court should revisit its decision to dismiss their claims as a sanction for discovery abuse under Rule 37 of the Federal Rules of Civil Procedure. The Court holds that the All Secure

---

[5] L.R. 7.3(b).

[6] L.R. 7.3(c); *see also Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) ("[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.") (quotation omitted).

[7] L.R. 7.3(c).

parties have not satisfied any of Local Rule 7.3(b)'s grounds for revision of the order. The All Secure parties essentially ask the Court to reconsider its findings about the All Secure parties' fault in failing to cooperate in discovery and respond to motions and court orders. Mr. Springer has presented additional evidence to support his explanation about an interruption in his telephone and email service during the relocation of his law practice to a new office. However, the new evidence all predates the parties' briefing on the Magistrate Judge's report and recommendation and the Court's order on the sanctions issue. The All Secure parties have not shown why they could not have presented the evidence before now. In order to seek revision of a previously-entered order based on new evidence, a party moving for relief under Local Rule 7.3 must show "that in the exercise of reasonable diligence the [moving] party . . . did not know such fact[s] . . . at the time of the interlocutory order." The All Secure parties' attempt to obtain reconsideration of the Court's order with information they could have raised previously is not well-taken.

Even if the Court took the new evidence into account, the Court still finds no basis for revision of its order dismissing the All Secure parties' claims as a discovery sanction. The information presented in the Motion to Set Aside Judgment appears to be the All Secure parties' attempt to corroborate or buttress Mr. Springer's previous account of his office relocation and the problems he encountered with his telephone and email service.[8] However, these facts have

---

[8] The All Secure parties subsequently filed a Motion to File Witness Affidavits (ECF No. 47) on October 13, 2015. There the All Secure parties request a one-week extension to produce additional witness affidavits to support Mr. Springer's claims about his communications problems. Defendants have responded in opposition to the Motion. The Court finds it unnecessary to reach the merits of the Motion because the introduction of additional proof about

no impact on the Court's order on sanctions. The Court's order actually credited as true Mr. Springer's explanation of his office move and disruption in communication with opposing counsel and the Court. The Court, nevertheless, remarked that "[r]egardless then of how Mr. Springer's mail was mishandled or his email service interrupted, there is simply no justification for Mr. Springer's failure to remain uninformed for several weeks about the progress of the case and no justification for the All Secure parties' failure to respond to a motion to compel and then a show cause order from the Magistrate Judge." The point of the Court's discussion was simply that even under the circumstances Mr. Springer confronted, he had an ongoing duty to ensure that he stayed up to speed on the developments in this case, including maintaining contact with opposing counsel and monitoring the Court's docket for case activity. No additional proof about his move or his new telephone and email service would alter this conclusion. Therefore, the Motion to Set Aside Judgment must be **DENIED**.

## II. Motion for Attorney's Fees

Pursuant to the Court's order on sanctions, Defendants have filed a fee petition requesting expenses related to the filing of their motion to compel and for sanctions. The All Secure parties have responded in opposition, stating that the Court should not award "additional" sanctions. The All Secure parties state that Mr. Springer has already satisfied a previous award of sanctions in the amount of $1,560.00. In point of fact, Defendants are not making a new motion for additional sanctions against the All Secure parties and their attorney, and the Court is not awarding additional sanctions against the All Secure parties and their attorney. In its August 19,

---

Mr. Springer's communications issues would not alter the Court's analysis of the Motion to Set Aside Judgment. Therefore, the Motion to File Witness Affidavits is **DENIED** as moot.

2015, the Court concluded that an award of attorney's fees and costs in connection with the motion to compel and for sanctions was mandatory under Rule 37(b)(2)(C).[9] The All Secure parties' Motion to Set Aside Judgment has not sought the reconsideration of this conclusion. And Mr. Springer's sanction of $1,560.00 originated in a court order (ECF No. 25) dated January 7, 2015, which related to the All Secure parties' failure to produce initial disclosures. Therefore, the Court finds the All Secure parties' opposition to Defendants' fee petition to be without merit.

Based on the Court's consideration of Defendants' fee petition and the accompanying affidavits, the Court will grant Defendants their attorney's fees and costs associated with the filing of the motion to compel and for sanctions. In a diversity case such as the one at bar, state law governs the issue of attorney's fees.[10] Reasonable attorney's fee awards are determined by the fee applicant's lodestar amount, which is calculated by multiplying the proven number of hours worked by a court-ascertained reasonable hourly rate.[11] The attorney's fee must be sufficiently documented for the Court to be able to adequately evaluate it.[12] Whether a fee is reasonable turns on the Court's evaluation of a myriad of factors, including:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood if apparent to

---

[9] Order Adopting Mag. J.'s Rep. and Granting Defs.' Mot. to Compel & for Sanctions 17, Aug. 19, 2015 (ECF No. 40).

[10] *Hometown Folks, LLC v. S & B Wilson, Inc.*, 643 F.3d 520, 533 (6th Cir. 2011) (applying Tennessee law).

[11] *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[12] *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co., Inc.*, 732 F.2d 495, 502 (6th Cir. 1984).

11

the client, that the acceptance of a particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and the length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; (8) whether the fee is contingent; (9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and (10) whether the fee arrangement is in writing.[13]

The Court finds that Defendants' attorney has adequately documented his time, as each time entry in the affidavit contains a description of the work performed and charges time to the nearest tenth of an hour.[14] The descriptions accompanying each time entry relate to work performed by counsel for Defendants related to the motion to compel and for sanctions.[15] Defendant's attorney's fees have been calculated at an hourly rate of $300.00 for work performed before March 27, 2015, and $335.00 for work performed after that date. Defendants' attorney Mr. Matthews asserts that these rates are discounted from his standard hourly rate and are in accordance with the prevailing market rates of lawyers of comparable skill and experience.[16] Defendants seek $7,315.50 in attorney's fees and $691.55 in expenses.

After reviewing the fee affidavit, the Court finds that the hourly rate charged by Mr. Matthews and the majority of the documented time is reasonable. However, the Court is reducing the overall attorney's fees in two respects. First, Mr. Matthews spent 1.4 hours on April 15, 2015, preparing Defendants' notice (ECF No. 33) of the All Secure parties' failure to respond to a show cause order issued by the Magistrate Judge. The notice consisted of scarcely

---

[13] *Wright ex rel. Wright v. Wright,* 337 S.W.3d 166, 176 (Tenn. 2011) (citing Tenn. R. Prof. Resp. 1.5).

[14] *See* Matthews Aff., ECF No. 41-2.

[15] *Id.*

more than two pages of written briefing. While certainly not improper, the filing of the notice was not required under the Federal Rules of Civil Procedure or the Local Rules. Defendants prepared the notice apparently for the purpose of drawing the Magistrate Judge's attention to the fact that the All Secure parties had not responded to the show cause order within the time allowed by the Magistrate Judge. The Court finds that the filing was not reasonably incurred as a result of the All Secure parties' discovery abuse.

Second, Mr. Matthews spent 4.3 hours drafting Defendants' objections to the Magistrate Judge's report and recommendation on the sanctions issue (ECF No. 35), which Defendants filed on May 19, 2015. In their objections, Defendants argued that the Magistrate Judge's recommendation did not go far enough because the Magistrate Judge did not address the dismissal of NBT's claims against Defendants. The Court ultimately overruled this objection in its order adopting the Magistrate Judge's report and recommendation, noting that the motion to compel was addressed only to the All Secure parties' discovery abuses and in no way concerned the conduct of NBT. The Court cannot say that the All Secure parties' discovery abuse reasonably necessitated the filing of Defendants' objections about NBT.

The Court will reduce the fee award by the amount of expense Defendants incurred for the notice filed on April 15, 2015, and for the objections to the report and recommendation filed on May 19, 2015. The preparation of these two filings accounted for 5.7 hours of Mr. Matthews's time at $335.00 per hour for a total expense of $1,909.50. The total award then will be reduced by this amount. The Court awards Defendants their reasonable attorney's fees in the amount of $5,406.00. In addition to the attorney's fees, the Court grants Defendants' request for

---

[16] *Id*.

$691.55 for travel expenses incurred as a result of the postponement of the depositions. Therefore, Defendants are awarded expenses in the total of amount of $6,097.55 as a sanction.

## CONCLUSION

The All Secure parties' Motion to Set Aside Judgment is **DENIED**. The All Secure parties' have not shown an entitlement to any relief under Rule 54(b) and Local Rule 7.3. Defendants' Motion for Attorney's Fees is **GRANTED**. The Court awards Defendants their expenses in the amount of $6,097.55 as a sanction against the All Secure parties and their attorney Mr. Paul Springer, Esq. pursuant to Rule 37(b)(2)(C). The All Secure parties and Mr. Springer are ordered to satisfy their monetary sanctions within 30 days of the entry of this order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 18, 2015.